UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No 19-44960-399 |
| | ) | Chapter 13 |
| **KIMBERLEY HERBERT,** | ) | |
| | ) | **ORDER OF CONVERSION** |
| Debtor. | ) | **FROM CHAPTER 13 TO CHAPTER 7** |

The matter before the Court is Debtor's(s') Motion to convert the above-captioned Chapter 13 case to a Chapter 7 Case filed on October 8, 2019. Upon consideration of the Debtor's (s') Motion and the record as a whole,

**IT IS ORDERED THAT**

1. Debtor's(s') Motion be and is hereby **GRANTED**, in that this case is converted to a case under Chapter 7 of the Bankruptcy Code as of **October 18, 2019**, and this Order constitutes the order for relief under Chapter 7.
2. Any Order to Deduct from Wages or Other Income previously entered in this case is hereby **VACATED** and **SET ASIDE** in it's entirety, and the employer is directed to cease withholding from Debtor's('s) wages in respect to this case.
3. Any hearing set on any pending motion for relief from the automatic stay or motion to avoid lien is removed from the Court's docket, and, if the automatic stay has not terminated or failed to go into effect in this case, the automatic stay will continue in effect until further order of the Court. **Movant** shall contact the Courtroom Deputy to obtain a date and time for the continued hearing and give notice thereof to the Debtor(s), Debtor's(s') counsel, the Chapter 7 Trustee, and any other necessary parties. All other pending Chapter 13 motions are denied as moot.
4. The Office of the U.S. Trustee shall appoint an interim Chapter 7 Trustee in this case to serve with blanket surety bond posted pursuant to standing orders of this Court.

**IT IS FURTHER ORDERED THAT**

5. If not already filed, on or before **November 1, 2019**, Debtor(s) shall file the documents required by Local Rule 1019 for a case being converted from Chapter 13 to Chapter 7. **Failure to timely file any of such documents shall result in dismissal of the case without further notice by the Court.**
6. If the Chapter 13 Trustee is holding funds that derive from Debtor(s) post-petition wages or that derive from other sources that are not part of the Chapter 7 estate, the Chapter 13 Trustee shall return the funds on hand to

the Debtor(s). If the Chapter 13 Trustee believes she is holding funds which may be part of the Chapter 7 estate, the Chapter 13 Trustee shall file a notice identifying the amount and source of the funds and stating that she intends to turn over the funds to the Chapter 7 Trustee pursuant to Federal Rule of Bankruptcy Procedure 1019(4). The Debtor(s) shall have (7) seven days from the date of this notice to file an objection to the proposed turnover. If the Debtor files an objection, the Court shall set the matter for hearing on an expedited basis. The Chapter 7 Trustee may, within (7) days of the Chapter 13 Trustee's notice, file a response declining the funds referenced in the Chapter 13 Trustee's notice. If the Chapter 7 Trustee declines the funds, the Chapter 13 Trustee shall refund the funds to the Debtor(s).

7. The Chapter 13 Trustee shall promptly file her final report, and, upon doing so, is discharged as Trustee and is relieved of and discharged from her bond.

DATED: October 18, 2019
St. Louis, Missouri 63102
amw

_____
Barry S. Schermer
United States Bankruptcy Judge

Copies to:

**Jack Justin Adams**
Adams Law Office
1 Mid Rivers Mall Dr, Ste #200
St. Peters, MO 63376
ATTORNEY FOR DEBTOR

**Kimberley Herbert**
153 Amiot Court
Saint Louis, MO 63146
DEBTOR

**Diana S. Daugherty**
P.O. Box 430908
St. Louis, MO 63143
CHAPTER 13 TRUSTEE

**ALL CREDITORS AND PARTIES IN INTEREST LISTED ON THE MAILING MATRIX**